NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0182n.06

No. 09-2080

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 28, 2011
LEONARD GREEN, Clerk

| | |
|---|---|
| RONALD WASHINGTON, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE WESTERN DISTRICT OF |
| BARRY DAVIS, Warden; CATHERINE BAUMAN; | ) MICHIGAN |
| UNKNOWN PARTIES, named as "John/Jane Does", | ) |
| | ) |
| Defendants-Appellees, | ) |

Before:  BATCHELDER, ROGERS, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge.  Ronald Washington, a Michigan prisoner proceeding pro se, appeals a district court order dismissing his 42 U.S.C. § 1983 civil rights action.  We vacate the order and remand.

I.

Washington sued Newberry Correctional Facility Warden Barry Davis and Deputy Warden Catherine Bauman, claiming that they violated his right of access to courts by allowing prison staff to read his legal mail.  Washington sought damages and injunctive relief.  The district court screened the complaint pursuant to the Prison Litigation Reform Act ("PLRA") and dismissed it for failure to state a claim.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The court held that the prison's policy of reviewing Washington's legal mail before providing him with photocopying

services was permissible under *Bell-Bey v. Williams*, 87 F.3d 832 (6th Cir. 1996). The court did not address Washington's other claims.

This appeal followed.

## II.

We review the district court's decision de novo. *Grinter v. Knight*, 532 F.3d 567, 571-72 (6th Cir. 2008). In reviewing a dismissal for failure to state a claim, we must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). To state a claim under 42 U.S.C. § 1983, Washington must allege the violation of a right secured by the federal Constitution or laws and must show that the violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). The main issue on appeal is whether Washington alleged the violation of a constitutional right.

Our court "has held that a prisoner has a fundamental interest in preserving the confidentiality of his legal mail." *Bell-Bey*, 87 F.3d at 837. Thus, prison policies that regulate outgoing legal mail must further "an important or substantial governmental interest unrelated to the suppression of expression," and may not limit prisoners' First Amendment freedoms more than necessary to protect the governmental interest involved. *Procunier v. Martinez*, 416 U.S. 396, 413-14 (1974); *see also Thornburgh v. Abbott*, 490 U.S. 401, 411 (1989) (clarifying that *Martinez* does not impose a "least restrictive means" test).

Washington's complaint broadly alleges that the defendants' custom is to require prisoners to leave their legal mail "with [prison] library staff for up to three days to read outside the prisoner's

presence when he needs photocopies of legal documents and is indigent." Thus, taken on its face, the complaint alleges unrestricted review of legal mail, for a lengthy period of time, outside the prisoner's presence. Those facts, if proven, are enough to trigger the scrutiny described in *Martinez*. Moreover, because the district court dismissed Washington's complaint before the defendants were served, there is nothing in the record to show that their putative custom both furthered an important government interest and was not more restrictive than generally necessary to protect the government's interest. *See Martinez*, 416 U.S. at 413-14; *Bell-Bey*, 87 F.3d at 838. At this very early stage in the proceedings, therefore, Washington's allegations support a plausible claim that the policy in question is unconstitutional. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The district court did not address Washington's allegations that prison staff refused to photocopy legal research materials and documents for indigent prisoners. The court should address those issues on remand. In light of our decision, Washington's remaining arguments on appeal are moot.

We vacate the district court's judgment and remand the case for further proceedings consistent with this opinion.